**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**CASE NO. 3:09-CV-00286-R**

**KENTUCKY STATE DISTRICT COUNSEL OF**
**CARPENTERS PENSION TRUST FUND, et al.**                                            **PLAINTIFFS**

**v.**

**CENTRAL KENTUCKY MILLWRIGHTS**
**AND RIGGERS, INC.**                                                                                    **DEFENDANT**

**OPINION & ORDER**

This matter comes before the Court upon Plaintiffs' Motion for Entry of Default (DN 5) and Plaintiffs' Motion to Dismiss Answer (DN 7). Defendant responded to the Motion to Dismiss (DN 9). No reply was filed. This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' Motions are DENIED.

Plaintiffs filed the Complaint on April 17, 2009. The Defendant's representative, Danny Peters, was served with process on May 12, 2009. Defendant states that Peters contacted an attorney, who told Peters that he was not licensed to practice in this Court but said that he would make some calls with regards to negotiating a settlement. Defendant states that the attorney did not inform Peters of the consequences of not responding to the Complaint.

On July 20, 2009, Plaintiffs filed the Motion for Entry of Default. After receiving the motion, Peters contacted a different attorney, Defendant's current counsel. Defendant states that Peters did not understand what a default judgment meant when he received Plaintiffs' motion and was still under the impression that the former counsel had sufficiently handled the matter. Defendant filed an answer was filed that day, July 29, 2009.

The Court finds that Defendant's failure to file a timely answer is excusable neglect. *See* Fed. R. Civ. P. 60(b)(1); *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). Upon

receiving the Motion for Entry of Default, Defendant immediately filed an Answer.  Defendant was under the misimpression that its former counsel was handling the matter.  Plaintiffs have not filed a reply nor cited any prejudicial impact that allowing the matter to go forward would have on them or the case.  Furthermore, Defendant filed an Answer before the Court entered a default against the Defendant.  This Answer raises meritorious defenses.  Finally, the Court has no reason to believe Defendant was not acting in good faith.

Therefore, IT IS HEREBY ORDERED that Plaintiffs' Motions (DN 5 & DN 7) are DENIED.